Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| TAILI TEE THULA TOVAR<br><br>Peticionaria<br><br>v.<br><br>ASDRÚBAL SIMÓN MATA CABELLO<br><br>Recurrido | TA2025AP00348 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm. SJ2024RF00308<br><br>Sobre: Alimentos – Excónyuges y Otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de octubre de 2025.

El **17 de septiembre de 2025** la Sra. Taili Tee Thula Tovar ("señora Thula Tovar" o "peticionaria") compareció ante nos mediante el recurso de apelación; no obstante, fue acogido como un *certiorari* dado que se trata de una determinación interlocutoria. En específico, nos solicita que revisemos la *Orden* emitida el **14 de agosto de 2025**,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI" o "foro de instancia"), en la cual declaró *No Ha Lugar* la solicitud de la peticionaria al amparo de la Regla 49.2 de Procedimiento Civil sobre la sentencia dictada el **31 de mayo de 2024**. El **18 de agosto de 2025** solicitó la reconsideración, pero fue declarada *No Ha Lugar* ese mismo día.[2]

Además, la señora Thula Tovar recurrió de la *Orden* emitida el **30 de agosto de 2025**,[3] en la cual el TPI ordenó un plan de pago de $100.00 mensuales para que la peticionaria cumpliera con la

---

[1] Notificada el 15 de agosto de 2025.
[2] Notificada el 18 de agosto de 2025.
[3] Notificada el 2 de septiembre de 2025.

sanción de $1,000.00 impuesta en la sentencia del 31 de mayo de 2024.

Examinado la totalidad del expediente, **denegamos** el presente recurso de *certiorari*. Veamos.

**-I-**

Surge del expediente que el **29 de febrero de 2024** la señora Thula Tovar presentó una *DEMANDA DE SOLICITUD DE PENSIÓN ALIMENTARIA PARA MENORES & PENSIÓN ALIMENTARIA EXCÓNYUGE*,[4] contra el Sr. Asdrúbal Simón Mata Cabello ("señor Mata Cabello" o "recurrido"). Aunque hizo referencia a los casos núm. *SJ2020RF00274, KLAN202400014* y *BY2022CV05569,* en esencia, alegó que la acción iba dirigida a una revisión de la pensión alimentaria dado unos cambios extraordinarios en las condiciones económicas y jurisdiccionales de las partes; a saber: que ninguna de las partes de epígrafe se encuentra viviendo en Colombia, por lo que cualquier ejercicio de jurisdicción de dicho foro sobre las partes o sus asuntos sería *ultra vires*; que el recurrido dejó de realizar aportación económica en beneficio de los hijos menores; que el recurrido a devengado por los pasados cuatro (4) años salarios que giran alrededor de los $300,000.00 anuales; y, que la peticionaria se encuentra en estado de indefensión económica.

El **15 de abril de 2024** el señor Mata Cabello presentó *CONTESTACION A LA DEMANDA Y SOLICITUD DE DESESTIMACION*.[5] En resumen, adujo que las súplicas de la señora Thula Tovar constituyen cosa juzgada de los casos núm. *SJ2020RF00274, KLAN202400014* y *BY2022CV05569*. Añadió que la acción instada trataba exactamente de los mismos remedios que fueron solicitados en el caso *SJ2020RF00274,* y que fueron denegados el 4 de diciembre de 2023 en el TPI de Bayamón. Por lo

---

[4] Entrada Núm. 1 del caso *SJ2024RF00308* en SUMAC.
[5] Entrada Núm. 11 del caso *SJ2024RF00308* en SUMAC.

que solicitó la desestimación de la acción dado que la peticionaria estaba incurriendo en la práctica de *forum shopping;* además, se le impusiera de honorarios de abogados por temeridad y frivolidad.

El **15 de mayo de 2024**, la señora Thula Tovar presentó la *OPOSICIÓN A MOCIÓN DE DESESTIMACIÓN [SUMAC # 11] & [SUMAC # 13].*[6] En síntesis, señaló que, a través del *subpoena* al patrono del señor Mata Cabello, se acreditó la existencia de cambios extraordinarios en las condiciones económicas y jurisdiccionales de las partes. Además, radicó las siguientes dos (2) mociones: *SOLICITUD DE REMEDIOS PROVISIONALES DE EMERGENCIA,*[7] y *SOLICITUD DE SUSPENSIÓN DE RELACIONES PATERNOFILIALES & REFERIDO A U.T.S.*[8]

El **30 de mayo de 2024**,[9] el TPI dictó una Sentencia en la que desestimó la causa de acción y resolvió que la señora Thula Tovar estaba incurriendo en *fórum shopping.*[10] En específico, determinó:

> *[q]ue cualquier asunto relacionado con la custodia, relaciones filiales, alimentos, patria potestad y cualquier asunto relacionado con los menores, debe ser presentado en el caso SJ2020RF00274, o en el caso entre las partes en Colombia, conforme dispone la Resolución del 4 de diciembre de 2023.*[11]

Además, le impuso a la peticionaria una suma de honorarios de abogado por frivolidad y temeridad de $1,000.00, a ser pagada al recurrido en el término de veinte (20) días.

Inconforme, el **1 de julio de 2024** la señora Thula Tovar presentó el recurso apelativo —*KLAN202400627*— ante esta Curia.

El **30 de agosto de 2024**, este Panel Especial dictó una Sentencia en la que determinó que la señora Thula Tovar había litigado el mismo asunto respecto a las mismas partes en dos (2) pleitos distintos. Específicamente, determinamos que:

---

[6] Entrada Núm. 18 del caso *SJ2024RF00308* en SUMAC.
[7] Entrada Núm. 19 del caso *SJ2024RF00308* en SUMAC. La moción fue radicada el 22 de mayo de 2024.
[8] Entrada Núm. 20 del caso *SJ2024RF00308* en SUMAC. La moción fue radicada el 23 de mayo de 2024.
[9] Notificada el 31 de mayo de 2024.
[10] Entrada Núm. 21 del caso *SJ2024RF00308* en SUMAC.
[11] *Íd.*

> *[E]n el caso SJ2020RF00274, la Sra. Thula Tovar solicitó la custodia y patria potestad de sus hijos, alimentos para los menores y alimentos excónyuge, entre otros remedios procesales. Es decir, los mismos remedios que solicita en el caso de epígrafe. Cabe señalar que, en el caso SJ2020RF00274, estando inconforme con la decisión emitida por el foro primario, la Sra. Thula Tovar acudió ante esta Curia, quien confirmó el dictamen apelado. Nuevamente inconforme, la Apelante acudió ante el Tribunal Supremo mediante recurso de Certiorari.*
>
> *Por otro lado, referente a que se declare roto y disuelto el vínculo matrimonial entre las partes, es menester señalar que dicho matrimonio fue disuelto por virtud de Sentencia dictada en Colombia y convalidada en Puerto Rico mediante Sentencia de Exequátur por la Sala de Familia y Menores de Bayamón, la cual es final y firme. En lo aquí pertinente, la Sentencia dispone lo siguiente: "Por tanto, verificado el cumplimiento de los criterios antes establecidos, este Tribunal otorga Entera Fe y Crédito a la sentencia emitida el 4 de marzo de 2022 y el 10 de agosto de 2022 por el juzgado de Colombia, **el cual disuelve el vínculo matrimonial entre las partes**."*
>
> *Según surge de los autos del caso, las partes de epígrafe tuvieron la oportunidad de ser escuchadas y de presentar prueba a su favor. Por lo tanto, los asuntos aquí planteados constituyen cosa juzgada, toda vez que fueron adjudicados por un tribunal competente mediante Sentencia final y firme.*
>
> *Además, este Tribunal sostiene que el foro competente para atender las controversias relacionadas al presente caso es la Sala de Familia y Menores de Bayamón, ya que la residencia de los menores y la Apelante ubica en dicha región judicial.*
>
> *Del expediente judicial surge claramente que los dictámenes emitidos por el tribunal de Colombia y los de Puerto Rico no han sido favorables a la Sra. Thula Tovar. Como consecuencia de lo anterior, la parte Apelante ha ingeniado argumentos para evadir al tribunal competente. No nos convencen sus argumentos. Es evidente que la Apelante está incurriendo en fórum shopping, práctica que resulta temeraria y, por ende, inaceptable por este Tribunal.*[12]

Así, fue confirmada la Sentencia del TPI; además, este foro intermedio le impuso una suma de $1,000.00 de honorarios de abogado por temeridad.

El **8 de julio de 2025,** el señor Mata Cabello presentó una *MOCION EN SOLICITUD DE ORDEN DE PAGO DE HONORARIOS SO PENA DE DESACATO Y/O SANCIONES ECONOMICAS*,[13] en la cual solicitó que el TPI emitiera una orden para que la señora Thula Tovar cumpliera en un término perentorio de cinco (5) días con los pagos

---

[12] Véase, *Sentencia* emitida por este Tribunal Apelativo emitida el **30 de agosto de 2024** en el caso *KLAN202400627. Citas Omitidas.*
[13] Entrada Núm. 29 del caso *SJ2024RF00308* en SUMAC.

impuestos mediante las Sentencias emitidas el 30 de mayo de 2024 por el TPI y la del 30 de agosto de 2024 del Tribunal de Apelaciones.

Mediante *Orden* emitida y notificada el **9 de julio de 2025**,[14] el TPI determinó lo siguiente:

> *Se ordena a la parte demandante, bajo apercibimiento de desacato civil y/o sanciones económicas, para que en el término final y perentorio de cinco (5) días, cumpla con el pago de los $1,000.00 en honorarios impuestos en la Sentencia del 30 de mayo de 2024 (SUMAC 21), así como con los $1,000.00 impuestos por el Tribunal de Apelaciones en la Sentencia del 30 de agosto de 2024 (SUMAC 24).* [sic].[15]

Tras varios trámites procesales, el **4 de agosto de 2025,** la señora Thula Tovar presentó una *MOCIÓN DE RELEVO DE LA RESOLUCIÓN DE 31 DE MAYO DE 2024 [SUMAC #21] AL AMPARO DE LA REGLA 49.2 DE PROCEDIMIENTO CIVIL.*[16] En resumen, adujo que la sentencia dictada el 30 de mayo de 2024 por el TPI debía ser relevada o dejada en suspenso, hasta que advenga final y firme el mandato del Tribunal de Apelaciones en el caso *KLAN202500007,*[17] en el cual, este Tribunal ordenó la celebración de una vista evidenciaria en el caso *SJ2020RF00274.*

El **14 de agosto de 2025** el TPI declaró *No Ha Lugar* la moción de relevo al amparo de la Regla 49.2 de Procedimiento Civil.[18]

El **15 de agosto de 2025** el señor Mata Cabello solicitó que se encontrara incursa en desacato civil a la señora Thula Tovar y se le impusiera severas sanciones económicas por cada día que pasara sin cumplir con los honorarios impuestos.[19]

El **18 de agosto de 2025** la señora Thula Tovar presentó una **segunda** *MOCIÓN DE RELEVO DE RESOLUCIÓN [SUMAC # 21] CONFORME A LA REGLA 49.2 DE PROCEDIMIENTO CIVIL.*[20] En

---

[14] Entrada Núm. 30 del caso *SJ2024RF00308* en SUMAC.

[15] *Íd.*

[16] Entrada Núm. 33 del caso *SJ2024RF00308* en SUMAC.

[17] Véase, *Sentencia* emitida el **4 de febrero de 2025** por este Tribunal Apelativo en el caso *KLAN202500007.*

[18] Notificada el 15 de agosto de 2025.; Entrada Núm. 34 del caso *SJ2024RF00308* en SUMAC.

[19] Entrada Núm. 35 del caso *SJ2024RF00308* en SUMAC.

[20] Entrada Núm. 36 del caso *SJ2024RF00308* en SUMAC.

resumen, solicitó al foro de instancia que reconsiderara su determinación y ordenara una vista evidenciaria donde la peticionaria pudiera probar que medió fraude al TPI por parte del señor Mata Cabello.

El **18 de agosto de 2025**,[21] el TPI emitió una *Orden* declarando *No Ha Lugar* la moción de relevo presentada por la señora Thula Tovar.[22] Además, el **30 de agosto de 2025**,[23] el foro de instancia emitió una *Orden* en la que estableció un plan de pago ($100.00 mensuales) para que la peticionaria cumpliera la sanción económica de $1,000.00 que le había impuesto vía sentencia el 31 de mayo de 2024.[24]

Inconforme, el **17 de septiembre de 2025** la señora Thula Tovar presentó el recurso de apelación —que fue acogido como uno de *certiorari*—. Allí, señaló la comisión del siguiente error:

> *ERRÓ EL TPI AL NO RESOLVER AL AMPARO DE LA REGLA 49.2 DEJAR SIN EFECTO SU SENTENCIA DEL 31 DE MAYO DE 2024* ***[SUMAC # 21]****, Y AL NO RECONOCER EL FRAUDE AL TRIBUNAL POR MEDIO DE ASDRÚBAL SIMÓN MATA Y DE SU REPRESENTACIÓN LEGAL LCDO. RAMON B. RIVERA GRAU.* [sic].

El **29 de septiembre de 2025** el señor Mata Cabello presentó *MEMORANDO EN OPOSICIÓN A QUE SE EXPIDA RECURSO DE CERTIORARI*.

Habiendo comparecido ambas partes, dimos por sometido el asunto para la consideración del Panel.

**-II-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[25] Así, se

---

[21] Notificada en igual fecha.
[22] Entrada Núm. 38 del caso *SJ2024RF00308* en SUMAC.
[23] Notificada el 2 de septiembre de 2025.
[24] Entrada Núm. 40 del caso *SJ2024RF00308* en SUMAC.
[25] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[26]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. […].[27]*

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[28]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

---

[26] *García v. Asociación*, 165 DPR 311, 321 (2005).
[27] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*
[28] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[29]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[30]

**-III-**

En esencia, la peticionaria nos plantea que el TPI erró al no dejar sin efecto la Sentencia emitida el 31 de mayo de 2024 bajo la Regla 49.2 de Procedimiento Civil, *supra*, ni relevarla de la orden del plan de pago de $100.00 mensuales en cumplimiento con la sanción económica de $1,000.00.

Un análisis objetivo de las determinaciones recurridas nos lleva a concluir que estamos ante un ejercicio claro de discreción conferido a los tribunales de instancia y a su facultad de manejar los casos de la manera que entiendan más adecuada.

No están presentes las excepciones de la Regla 52.1 de Procedimiento Civil, *supra*, ni los criterios de la citada Regla 40 del Reglamento del Tribunal Apelaciones.

Es decir, no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto.

En virtud de lo antes expresado, no intervendremos con las determinaciones recurridas.

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari.*

---

[29] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[30] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones